## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINA THE FIRST,** | : | |
| *For Regina Mercedes Guyton*, | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-2534** |
| | : | |
| **EQUIFAX INFORMATION** | : | |
| **SERVICES, LLC,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**GOLDBERG, J.**                                                **JUNE 26, 2018**

Plaintiff Regina Mercedes Guyton,[1] proceeding *pro se*, filed this civil action against

Equifax Information Services, LLC; Experian Information Solutions, Inc.; and TransUnion,

LLC, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Order

entered on June 21, 2018, the Court denied her Motion without prejudice for insufficient

financial information. (ECF No. 4.) The Court directed Guyton to, within thirty (30) days,

either submit $400.00 to the Clerk of Court or complete and submit a new motion. (*Id.* at 2-3.)

Guyton has returned with a new Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 5.)

For the following reasons, the Court will grant Guyton leave to proceed *in forma pauperis* and

dismiss her Complaint with leave to amend.

### I.      FACTS

In her Complaint, Guyton alleges that Equifax, Experian, and TransUnion "have been

reporting inaccurate and/or derogatory information relating to [her] and [her] credit history to

---

[1] Although Guyton refers to herself as "Regina the First" in her Complaint, it is clear that she is
bringing this lawsuit on her own behalf.

third parties since on or about 8/2008." (Compl. at 2.) She claims that this inaccurate information includes a judgment that "is in fact a judgment *in rem* and not against [her] personally." (*Id.*) Guyton alludes to "attached documents" to support her claim (*id.*), but failed to attach any documents to her Complaint.

Guyton claims that because of this inaccurate information, she has "suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress." (*Id.* at 3.) She asserts claims for negligent and willful noncompliance with the FCRA against Equifax, Experian, and TransUnion. (*Id.*) As relief, she seeks statutory, actual, and punitive damages, as well as costs and attorney's fees and "[a]ll other relief that court deems just and proper." (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Guyton leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Guyton is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A

district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.    DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner") (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).

Guyton appears to take issue with the accuracy of her credit reports as prepared by TransUnion LLC, Equifax, and Experian.  Under the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  In order to state a claim for negligent noncompliance with § 1681e(b), a plaintiff must allege that

> (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.

*Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).  To state a claim for willful noncompliance, a plaintiff must allege that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive."  *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997) (quoting *Philbin*, 101 F.3d at 970).

Guyton's Complaint contains hardly more than a "[t]hreadbare recital[] of the elements of a cause of action" for noncompliance with the FCRA.  *Iqbal*, 556 U.S. at 678.  Guyton has failed to set forth facts regarding what inaccurate information she believes was included in her credit report.  Instead, she simply relies upon insufficient conclusory allegations.  As pled, the Complaint does not "provide enough information to put [Defendants] on sufficient notice to prepare the defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian*, 2017 WL 3494219, at *3 (quotations omitted).  Accordingly, the Complaint fails to state a claim for relief at this time.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Guyton leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Guyton will be given an opportunity to file an amended complaint in accordance with the Court's Order, which follows.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____

**MITCHELL S. GOLDBERG, J.**